## WILLIAM F. HOMER & al. vs. JAMES M. BRAINERD.

Where the Justice taking a deposition omits to certify, that the adverse party was duly notified, but annexes the notification, from which it appears that legal notice was given, the deposition is admissible.

On the trial the plaintiff offered to read a deposition, to the admission of which the defendant objected, because it did not appear by the certificate of the Justice, that due notice had been given to the adverse party. SHEPLEY J. presiding, overruled the objection, and permitted the deposition to be read, to which the defendant excepted.

The facts bearing on the question are given in the opinion of the Court.

*J. Appleton,* for the defendant, supported the objection taken at the trial, and cited, *stat.* of 1821, *c.* 85, § 2; *Barnes* v. *Ball,* 1 *Mass. R.* 73; *Amory* v. *Fellowes,* 5 *Mass. R.* 219.

*Kent,* for the plaintiff, contended, that the deposition did show, that due notice had been given, and that the admission of it was right; and cited the same statute; *Minot* v. *Bridgewater,* 15 *Mass. R.* 492; and *Ulmer* v. *Hill,* 8 *Greenl.* 326.

The opinion of the Court was drawn up by

SHEPLEY J. — The statute provides, that "when the adverse party is not present at the taking of such deposition, the Justice taking the same, shall certify, that he was duly notified." *Stat.* of 1821, *c.* 85, § 2. It cannot have been the intention, that the Justice should so certify, when notice had not in fact been given, and this language must be regarded as directory. In the case of *Barnes* v. *Ball & al.* the deposition was objected to because it did not appear by the certificate of the magistrate, that the adverse party or his attorney was present. Parol evidence was offered to prove that fact, but it was not admitted, and the deposition was excluded. In the case of *Minot* v. *Bridgewater,* the magistrate had certified, that notice had been given; but the notice being produced did not contain the name of the deponent; the deposition having been admitted by the presiding Judge, the Court granted a new trial, holding the certificate of the magistrate not to be conclusive.

In this case the Justice omitted to certify, that notice was given; but the notice in due form, issued by another magistrate and duly served by a constable of the town upon the adverse party, was annexed to the deposition. The statute provides, that a notice so issued and served " shall be deemed sufficient notice ;" and its legal effect cannot be destroyed by the omission of the Justice to make his certificate.

*Exceptions overruled.*